UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFSCME COUNCIL 25 and its affiliated Locals
140, 180 and 3695,

    Plaintiffs,

v.

THE DETROIT MEDICA
L CENTER, including
DETROIT RECEIVING HOSPITAL, UNIVERSITY
HEALTH CENTER, HARPER UNIVERSITY
HOSPITAL, HUTZEL WOMEN'S HOSPITAL,
DMC SURGERY HOSPITAL, REHABILITATION
INSTITUTE OF MICHIGAN, and SINAI-GRACE
HOSPITAL,

    Defendants.
_____/

Case No. 14-13770
HON. AVERN COHN

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT OR REMAND TO THE ARBITRATOR (Doc. 37)
AND DISMISSING CASE WITHOUT PREJUDICE**

This is a labor case. It began with the filing of a complaint by plaintiffs, AFSCME Council 25 and its affiliated Locals 140, 180 and 3695 (collectively, the Union) against defendants the Detroit Medical Center and various hospitals within the Detroit Medical Center (collectively, the DMC). The Union protested the DMC's decision to "outsource" housekeeping bargaining unit positions with the DMC by entering an agreement with a third-party, Sodexo, to perform the housekeeping functions. The proposed outsourcing, according to the Union, would adversely impact approximately 300 housekeeping employees. The Union filed suit seeking an injunction, commonly known as a reverse

Boys' Markets "[1] injunction. The Union sough to preserve the status quo pending arbitration. The DMC agreed to preserve the status quo, i.e. not take any action with respect to the housekeeping positions and Sodexo, pending arbitration.

Following the DMC's agreement to preserve the status quo, the dispute proceeded to arbitration on a expedited basis. The Union prevailed. On November 20, 2014, the arbitrator concluded that the DMC's proposed outsourcing violated the Joint Operating Agreement between the Union and the DMC. The arbitrator also agreed to "retain jurisdiction in the event there are questions with regard to the interpretation or implementation of this award."

On December 8, 2014, the Union filed a First Amended Complaint (Doc. 34). The Union describes the basis for seeking court intervention as follows:

> The Plaintiffs are seeking injunctive relief to enforce an arbitration decision and to prevent the DMC from entering into a contract with third parties without requiring that they abide by the successorship provisions of the collective bargaining agreement between [the Union and the DMC]. The issue arises out of a decision by DMC to transfer the custodial operations of the DMC hospitals to a third party, without requiring the successor employer to abide by the [Joint Operating Agreement].
> . . . [The Union asks] that the arbitrator's opinion be confirmed.

(Doc. 34 at p. 2).

Before the Court is the DMC's motion to dismiss the Union's First Amended Complaint or to remand to the arbitrator. The DMC says that the First Amended Complaint fails to raise plausible claims for relief because the DMC has complied with the arbitration award and Sodexo has agreed to be bound by the Joint Operating

---

[1]The Boys Markets v. Retail Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970)

2

Agreement.  Alternatively, the DMC says to the extent there is a viable dispute between the parties, the matter should be brought before the arbitrator.

For the reasons stated on the record at the hearing on February 11, 2015, the DMC's motion to dismiss is GRANTED.   This case is DISMISSED WITHOUT PREJUDICE to the Union's right to move to reinstate the case for good cause shown.

SO ORDERED.

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 12, 2015
       Detroit, MI


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 12, 2015, by electronic and/or ordinary mail.

     S/Sakne Chami
Case Manager, (313) 234-5160